Nathaniel A. DENMAN et al.

v.

Kevin H. WHITE.

Civ. A. No. 63-1-F.

United States District Court
D. Massachusetts.

Dec. 3, 1963.

Nathaniel A. Denman, pro se.

William I. Cowin, Asst. Atty. Gen., Edward W. Brooke, Atty. Gen., Nelson Crowther, Asst. Atty. Gen., Commonwealth of Mass., for defendant.

Before WOODBURY, Chief Judge of the Court of Appeals, and FORD and WYZANSKI, District Judges.

PER CURIAM.

On December 2, 1963 this case came on for hearing before the three-judge court on plaintiffs' motion for summary judgment.

In briefest summary, the complaint, alleging jurisdiction of this Court under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1984, as well as under 28 U.S.C. §§ 1343(3) and 1343(4), was brought by plaintiffs claiming to be voters in Barnstable County, Massachusetts, against the Commonwealth's Secretary of State as defendant. It is alleged in paragraph 5 that "plaintiffs are now denied the right to equal suffrage in free and equal elections, and/or equal representation in the House of Representatives of the Commonwealth of Massachusetts, which right is granted them by the Constitution of the Commonwealth of Massachusetts, and the equal protection of the laws, as guaranteed by the Fourteenth * * * Amendment of the Constitution of the United States."

Repeatedly the complaint refers to Chapter 182 of the Acts of 1947, amending Mass. G.L. c. 57, as the sole basis of plaintiffs' claim that the apportionment of representatives is invalid. Moreover, it is only that Act which the complaint prays to have declared unconstitutional and void.

March 16, 1963 plaintiffs moved for summary judgment.

On December 2, 1963, in open court, plaintiffs themselves submitted to this

Court a copy of Chapter 666 of the Acts of 1963, (approved August 20, 1963, and immediately effective upon its passage), which provided for the amendment of Chapter 182 of the Acts of 1947, and which plaintiffs admit will govern apportionment in connection with elections hereafter.

What plaintiffs seek is a declaration that state legislation which has already been amended, and, in effect, been partially repealed, be declared void. It does not appear what would be the practical consequences of any such declaration, even if it be assumed that this Court had subject-matter jurisdiction so to declare, and even if it be further assumed that Chapter 182 is in violation of the Fourteenth Amendment or some other federal constitutional or statutory provision. Plaintiffs have failed to show, if there were such a declaration, that the Massachusetts Secretary of State has power to "decertify" those who have been certified as Representatives in the General Court of Massachusetts, or that the Governor of the Commonwealth has the power to call a new election, or that the present members of the General Court continue in office for long enough to provide machinery to select their successors. Unless plaintiffs bear a burden of making such a showing, it would appear that a declaration by this Court would have no practical significance.

In view of the grave doubts just presented and in view of the fact that plaintiffs themselves admit that the ground of their complaint, as now drafted, will no longer exist after the November 1964 election (if indeed it still exists), this Court, as a matter of equity jurisdiction, declines in its discretion to grant the motion for summary judgment. Nothing herein concedes that this Court would have subject-matter jurisdiction of this case, or that the complaint alleges a cause of action under the Federal Constitution or statutes.

Finally, plaintiffs asked leave to amend their complaint, in the event their motion for summary judgment was denied. Leave to amend the complaint within 90 days is granted, provided that accompanying the amended complaint is a brief setting forth the reasoning, judicial authorities, and Massachusetts constitutional and statutory provisions supporting plaintiffs' view that this Court has power to grant such specific relief as is particularly described in such amended complaint.

Plaintiffs' motion for summary judgment denied. Leave to amend the complaint within 90 days granted upon condition it is accompanied by a brief as described in the foregoing memorandum.